IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| ARMETTA WALLACE, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) Case No. 15-CV-406-JHP ) |
| (1) CITY OF MUSKOGEE; (2) COUNTY OF MUSKOGEE, | ) ) ) |
| Defendants. | ) |

## OPINION AND ORDER

Before the Court are (1) Defendant County of Muskogee's Motion to Dismiss (Doc. No. 16) and Defendant City of Muskogee's Motion to Dismiss (Doc. No. 20). After consideration of the briefs, and for the reasons stated below, Defendants' Motions to Dismiss are **GRANTED**.

## BACKGROUND

Plaintiff Armetta Wallace ("Plaintiff") brings this action to recover against the defendants, County of Muskogee and City of Muskogee (together, "Defendants"), for alleged false arrest and abuse while in custody. (Doc. No. 2). Plaintiff filed her Complaint on October 19, 2015. Plaintiff's factual allegations are as follows:

> I was falsely arrested on 7-4-2013. While in custody I was abused, placed in chair four times and allow [sic] to go outside 4 times. I was not released until Sept 23, 2013.

(*Id.* at 2). Plaintiff requests relief in the form of "[j]ustice and monetary settlement." (*Id.* at 3).

Defendants have filed motions to dismiss the allegations against them pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which any relief can be granted as a matter of law. (Doc. Nos. 16, 20). Defendants primarily argue Plaintiff's claims are barred by the statute of limitations. Plaintiff did not file a timely response to either motion. In response

1

to an Order to Show Cause why the Motions to Dismiss should not be granted for failure to respond (Doc. No. 26), Plaintiff responded as follows:

> Plaintiff made a complaint against the Defendant in UNITED STATES DISTRICT COURT FOR THE NORTHERN TEXAS Civil Action No 4-14 CV-754 on September 15, 2014 (see attachment B of first Exhibit). Judge Ronald A. White ordered Plaintiff to pay monthly payments of $50 installments until $400 would be paid in full. The case was reassigned to Judge Kimberly E. West on June 6, 2016. Defendants' motion to dismiss was filed June 8, 2016. Plaintiff [sic] last installment was received on June 9, 2016. The case was reassigned to Judge James H. Payne on June 27, 2016.

(Doc. No. 27). Plaintiff attached a copy of a complaint and summons in a separate civil action filed in the Northern District of Texas. (Doc. No. 27-1). That complaint appears to refer in part to her alleged arrest on July 4, 2013, and subsequent custody until September 23, 2013. (*Id.*). Thereafter, Plaintiff filed a supplemental response to the Order to Show Cause, which reads as follows.

> U.S. District Court Northern District of Texas notice of electronic order denying Plaintiff MOTION TO PROCEED IN FORMA PAUPERIS & SETTING DEADLINE FOR PAYMENT OF FILING FEE ON October 21, 2014. Plaintiff appealed this decision to the United States Court of Appeals for the Fifth Circuit on October 27, 2014.

(Doc. No. 28).

## DISCUSSION

In considering a Rule 12(b)(6) motion, the court must accept all well-pleaded allegations of the complaint as true, and must construe them in the light most favorable to the plaintiff. *See Anderson v. Merrill Lynch Pierce Fenner & Smith, Inc.*, 521 F.3d 1278, 1284 (10th Cir. 2008). To withstand a motion to dismiss, a complaint must contain enough allegations of fact "to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The plaintiff bears the burden to frame "a complaint with enough factual matter (taken

as true) to suggest" that he or she is entitled to relief. *Twombly,* 550 U.S. at 556. "Factual allegations must be enough to raise a right to relief above the speculative level." *Id.* at 555.

While *pro se* pleadings must be liberally construed and must be held to less stringent standards than formal pleadings drafted by lawyers, *Haines v. Kerner*, 404 U.S. 519, 520 (1972), a district court should not assume the role of advocate. *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). Moreover, even *pro se* plaintiffs are required to comply with the "fundamental requirements of the Federal Rules of Civil and Appellate Procedure" and substantive law, and the liberal construction to be afforded does not transform "vague and conclusory arguments" into valid claims for relief. *Ogden v. San Juan County*, 32 F.3d 452, 455 (10th Cir. 1994). The court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." *Whitney v. N.M.*, 113 F.3d 1170, 1173-74 (10th Cir. 1997).

Defendants seek to dismiss Plaintiff's Complaint as untimely filed. Here, Plaintiff alleges civil rights violations, which may be actionable pursuant to 42 U.S.C. § 1983. The statute of limitations for civil rights actions is the same as personal injury actions brought under state law. *See Owens v. Okure*, 488 U.S. 235, 250 (1989); *Garcia v. Wilson*, 731 F.2d 640, 651 (10th Cir. 1984) (concluding § 1983 claims are in essence actions to recover for personal injury), *aff'd* 471 U.S. 261 (1985). Therefore, Section 1983 claims brought in Oklahoma are subject to a two-year statute of limitations for "injury to the rights of another, not arising out of contract, and not hereinafter enumerated." OKLA. STAT. tit. 12, § 95(A)(3); *Meade v. Grubbs*, 841 F.2d 1512, 1522-24 (10th Cir. 1988) (two-year statute of limitations under OKLA. STAT. tit. 12, § 95(A)(3) applies in § 1983 actions), *abrogated on other grounds as recognized by Schneider v. City of Grand Junction Police Dep't,* 717 F.3d 760 (10th Cir. 2013). "Since the injury in a § 1983 case is the violation of a constitutional right, such claims accrue when the plaintiff knows or should

know that his or her constitutional rights have been violated." *Smith v. City of Enid*, 149 F.3d 1151, 1154 (10th Cir. 1998) (internal citations and quotation omitted).

A complaint is subject to dismissal pursuant to Rule 12(b)(6) when the running of the statute of limitations is plain from the face of the complaint. *Aldrich v. McCulloch Props., Inc.*, 627 F.2d 1036, 1041 n.4 (10th Cir. 1980). "While the statute of limitations is an affirmative defense, when the dates given in the complaint make clear that the right sued upon has been extinguished, the plaintiff has the burden of establishing a factual basis for tolling the statute." *Id.* (citations omitted).

Here, Defendants argue the Complaint plainly establishes Plaintiff's § 1983 claims against them are barred by the two-year statute of limitations. The Court agrees. Plaintiff's allegations concern an arrest that took place on July 4, 2013, and a subsequent detention that lasted until September 23, 2013. (Doc. No. 2, at 2). Therefore, Plaintiff should have been aware of her claim no later than September 23, 2013. Plaintiff filed her Complaint on October 19, 2015, which is nearly one month outside of the two-year limitations period. Clearly, Plaintiff's civil rights claims against both Defendants are time-barred and therefore subject to dismissal for failure to state an actionable claim. Plaintiff has failed to provide any meaningful response to the Motions to Dismiss that would persuade the Court otherwise.

Moreover, to the extent Plaintiff seeks relief pursuant to state law, Defendants argue those claims are also time-barred. Again, the Court agrees with Defendants. Plaintiff's abuse allegations concern actions that occurred while Plaintiff was in custody following arrest. Pursuant to OKLA. STAT. tit. 12, § 95(A)(11), claims brought by an inmate or by a person based upon facts that occurred while the person was an inmate in the custody of a political subdivision of the State of Oklahoma must be raised within one year after the cause of action accrues.

Additionally, actions for assault, battery, malicious prosecution, and false imprisonment must also be brought within one year after the cause of action accrues. OKLA. STAT. tit. 12, § 95(A)(4). Plaintiff alleges she was released from custody on September 23, 2013, and she filed her Complaint on October 19, 2015. Therefore, Plaintiff's complaint was filed far outside the one-year deadline.

Finally, Plaintiff has not established any grounds to warrant tolling the statute of limitations in this case. State law governs the application of tolling the statute of limitations in a § 1983 civil rights action. *Alexander v. Oklahoma*, 382 F.3d 1206, 1217 (10th Cir. 2004). Although Oklahoma permits tolling the statute of limitations in limited circumstances—the existence of a legal disability; false, fraudulent, or misleading conduct calculated to lull plaintiffs into sitting on their rights; or exceptional circumstances—Plaintiff's complaint does not allege any such circumstances to justify tolling. *See Young v. Davis*, 554 F.3d 1254, 1258 (10th Cir. 2009). Moreover, Plaintiff's responses to the Motions to Dismiss (Doc. Nos. 27, 28) do not refer to tolling or raise any possible grounds for tolling.[1]

Plaintiff's claims in this case against Defendants are time-barred. Accordingly, Plaintiff's case must be dismissed for failure to state a claim. Because the Court dismisses Plaintiff's claims in this case against Defendants as untimely filed, the Court need not reach Defendant County of Muskogee's other arguments for dismissal.

---

[1] To the extent Plaintiff seeks to rely on Oklahoma's one-year savings statute, OKLA. STAT. tit. 12, § 100, based upon her previous case filed in the Northern District of Texas, such application is foreclosed. The statute provides in relevant part: "If any action is commenced within due time, and a judgment thereon for the plaintiff is reversed, or if the plaintiff fail in such action otherwise than upon the merits, the plaintiff . . . may commence a new action within one (1) year after the reversal or failure although the time limit for commencing the action shall have expired before the new action is filed." OKLA. STAT. tit. 12, § 100. However, the savings statute applies only when the first action was filed in Oklahoma. *See Morris v. Wise*, 293 P.2d 547, 550 (Okla. 1955) ("We adhere to the rule that the provisions of [OKLA. STAT. tit. 12, § 100] accrue only to actions filed within the State of Oklahoma."); *see also Herron v. Miller*, 220 P. 36, 38 (Okla. 1923) (holding a predecessor to Okla. Stat. tit. 12, § 100 "has no application to actions which may have been commenced within other states and have failed otherwise than upon the merits.").

## CONCLUSION

For the reasons detailed above, Defendant County of Muskogee's Motion to Dismiss (Doc. No. 16) and Defendant City of Muskogee's Motion to Dismiss (Doc. No. 20) are **GRANTED.**

**IT IS SO ORDERED** this 20th day of December, 2016.

James H. Payne
United States District Judge
Eastern District of Oklahoma